## Sueta v. Bonafede

*Terrence R. Nealon,* for plaintiff.
*Michael J. Donohue,* for defendant.

O'MALLEY, *J.,* February 15, 1990 — This matter is before the court on the petition of plaintiff to show cause why plaintiff should not be permitted to introduce evidence of plaintiff's medical expenses and loss of income at the time of trial of this case.[*]

The underlying facts giving rise to this claim

---

[*] Matters of this nature are more properly raised by a motion in limine addressed to the trial judge rather than by the procedure here employed by counsel for the plaintiff.

arose out of a motor vehicle accident that occurred on February 9, 1987. Plaintiff was then employed by the Department of Public Works of the City of Scranton and was loading trash into a Packmaster truck which was standing in the middle of the road in the 500 Block of North Garfield Avenue. While so employed, plaintiff was struck by a motor vehicle operated by defendant. Plaintiff's medical bills and 66 and two-thirds percent of her salary and wages were paid by workers' compensation. No benefits have been paid to plaintiff by any automobile insurance company. The Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, Act of February 12, 1984, P.L. 26, §3, as amended, February 12, 1984, P.L. 53, §3, effective October 1, 1984, provides in pertinent part as follows:

"In an action for damages against a tort-feasor arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverage set forth in section 1711 (relating to required benefits) shall be precluded from pleading, introducing into evidence or recovering the amount of benefits paid or payable under section 1711."

Section 1722 of the act, by express language, is limited "to the amount of benefits set forth in section 1711." Therefore, a benefit received by a plaintiff which is outside the scope of section 1711, and not a "required benefit," would make section 1722 of the act inapplicable.

More specifically, section 1711, entitled "Required Benefits," in pertinent part states:

"An insurer issuing or delivering liability insurance policies covering any motor vehicle of the type required to be registered under this title, except recreational vehicles not intended for highway use, motorcycles, motor driven cycles or motorized pedacycles or like type vehicles, registered and oper-

ated in this commonwealth shall include coverage providing a medical benefit in the amount of $10,000 and income loss benefit up to a monthly maximum of $1,000 up to a maximum benefit of $5,000 and a funeral benefit in the amount of $1,500, as defined in section 1712 (relating to availability of benefits), with respect to injury arising out of the maintenance or use of a motor vehicle. . . . "

Section 1711, by its language, is directed to "an insurer issuing or delivering liability insurance policies covering any motor vehicle . . . ," and does not speak to the insurer or self-insurer covering workers injured during employment. By an analogy, if section 1711 does not encompass workers' compensation, then the preclusion contained in the language of section 1722 would be inapplicable and the plaintiff would not be allowed to plead, prove and recover.

This subchapter also suggests in section 1719 and section 1720 that workers' compensation benefits are outside its scope and such benefits should be awarded in conjunction with benefits received from the tortfeasors' insurer. Section 1719 of the act, entitled "Coordination of Benefits," states the following:

" . . . Any program, group contract or other arrangement for payment of benefits such as described in section 1711 (relating to required benefits), 1712(1) and (2) (relating to the availability of benefits) or 1715 (relating to the availability of adequate limits) shall be construed to contain a provision that all benefits provided therein shall be in excess of and not in duplication of any valid and collectible first-party benefits provided in section 1711, 1712 or 1715 or *workers' compensation.*" (emphasis supplied)

By definition, the words "in excess of" mean that which goes beyond the usual, proper or necessary. Also, the statement that benefits under section 1711

and the like are "not in duplication" of any other benefits, specifically workers' compensation, denotes that double recovery had been contemplated by the legislature and is to be treated separate and distinct.

Also section 1720 of the act, entitled "Subrogation," states:

"In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) or benefits in lieu thereof paid or payable under section 1719 (relating to coordination of benefits)."

The legislature has again contemplated, by express language, that other benefits could be forthcoming to plaintiff from a collateral source and specifically denied the tort-feasor's insurer any subrogation rights.

It would appear that the language of the sections cited seem to move towards an equitable policy; that the tort-feasors should not be allowed a windfall and be reimbursed by the plaintiff's workers' compensation insurer. Accordingly, plaintiff is not precluded from pleading, proving and recovering benefits from a tort-feasor in duplication of benefits received from her workers' compensation company. See *McLain v. Dixie Auto Transport,* Civil no. 86-7371 (E.D. Pa. 1988).

## ORDER

Now, February 15, 1990, for the reasons set forth in the foregoing opinion, plaintiff shall be permitted to prove and recover the benefits pled in her complaint and which have been paid under her workers' compensation insurance coverage.